When cash is mailed to us in advance
20 per cent discount

**THE LAW ABSTRACT COMPANY**

Office Editorial Rooms and Library

13916 Euclid Avenue, Cleveland, O.

Address all mail communications to
P. O. Box 2455, East Cleveland Sta.

---

### EXPIRATIONS

We send notices to subscribers, four weeks in advance of the date to which their subscription is paid, thus assuring them of ample knowledge in time to prepay renewals, and save the 20 per cent we give to those who mail the money in advance.

---

### No. 958

### JORDAN v. MURPHY

No. 19382.    Supreme Court

On motion to certify. Dock. Oct. 15, 1925; 3 Abs. 658.

829. NEGLIGENCE—Does fact that person has full knowledge of slippery and icy condition of sidewalk, even though owner of building might be negligent, bar her of her right to recover when she slips on sidewalk and sustains injuries?

Anna Murphy brought an action against James Jordan in the Cuyahoga Common Pleas for personal injuries claimed to have been sustained as a result of slipping on ice on the sidewalk in front of business block owned by Jordan. At the close of her evidence, a motion was granted to direct a verdict for Jordan and judgment was rendered for him. Error was prosecuted by Murphy and the judgment of the Common Pleas was reversed. The case was taken to the Supreme Court on a motion to certify.

On the evening of Dec. 26, 1919, Murphy said that about 7:30 P. M. she passed the building in question and noticed that the sidewalks were covered with slush and it had begun to freeze; that she arrived at this corner on her return journey about 9:30 P. M.; that the slush had frozen in the meantime; that a thin layer of snow had fallen; that she knew the slush on this walk had frozen but did not think about the ice under the snow, started over same, slipped and fell at a point opposite the window; that drippings from the spouting had frozen and made a mound one or two feet from the building.

It is claimed by Jordan that there is prejudicial error in the Court of Appeals judgment in refusing to follow Norwalk (city) v. Tuttle, 23 OS. 242; in rendering judgment in favor of Murphy on the theory that the rule of contributory negligence as a matter of law no longer exists in Ohio; and in rendering judg-

ment for Murphy in light of the fact that the bill of exceptions discloses no evidence that Jordan was negligent other than the fact that water dripped from the spouting and in freezing weather, formed ice.

In the Tuttle case syllabus two reads: "One who voluntarily goes upon a sidewalk of a city which is obviously, and by him known to be, in a dangerous condition, cannot recover on account of injuries which he may thereby sustain, even if the negligence of the city is admitted or shown." Conneaut (village) v. Naef, 54 OS. 529, approved and followed.

It is contended that Murphy herself testified that she possessed full knowledge of conditions of this sidewalk at the time she attempted to pass over it and had every opportunity to know. She often saw water dripping and falling over this walk. It is claimed that Murphy was guilty of carelessness by walking on and over a sharply sloping sidewalk covered with ice over which there has fallen a thin layer of snow without thinking when at the time she possessed full knowledge of all conditions then and there existing.

It is further contended that beyond the fact that water did fall from the spouting and in freezing weather froze, there is no proof to sustain a judgment against Jordan on the ground of negligence. It is claimed that Murphy, by her testimony brings herself squarely within the rule of the Tuttle case, which it is contended is still the law of Ohio, and bars Murphy from recovery thereunder .

Attorneys—Joy S. Hurd, Lieghley, Halle, Haber & Berrick for Jordan; Handrick & Handrick for Murphy; all of Cleveland.

---

# THIS WEEK'S DIGEST
## Cases Published in the Abstract

---

### Published in This Week's Abstract

32. **ADMINISTRATION.**

Under statutes, persons interested in estate are entitled to have a suitable person appointed to administer estate. Zellner v. Kester. OA. 3 Abs. 714.

56. **AGRICULTURAL SOCIETIES.**

On lease held by them, County Commissioners not authorized to legally pay out of County Treasury rental in such lease, unless society has expended a like amount for lease or improvement of site. In Re County Treasury. Atty. Gen. 3 Abs. 720.

93. **APPROPRIATION.**

Where none has been made, available for purpose of drilling oil on Lands of State Hospital, Department of Public Welfare is without authority to enter upon such project. State Lands, In Re. Atty. Gen. 3 Abs. 721.

Is it mandatory upon County Commissioners to appropriate $50 with which to defray expenses for Memorial Day when request is made therefor? State ex v. Klinger et. OS. Pend. 3 Abs. 724.

148. **BILL OF EXCEPTIONS.**

Court must certify that it contains all the evidence of the trial before Court of Appeals can consider review